UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JESSE LONGWAY, | : | |
| | : | |
| Plaintiff, | : | Case No.: |
| | : | |
| vs. | : | |
| | : | |
| MYERS INDUSTRIES, INC., | : | |
| | : | |
| Defendant. | : | September 6, 2017 |

**Jury Trial Demanded**

## COMPLAINT

Plaintiff, Jesse Longway, by and through his attorneys, Sabatini and Associates, LLC, complaining of the defendant, Myers Industries, Inc., respectfully alleges:

### PARTIES

1. Plaintiff, Jesse Longway, is a citizen and resident of the State of Connecticut.

2. Defendant, Myers Industries, Inc., was and is a corporation organized and existing under the laws of the State of Ohio with a principal place of business located at 1293 South Main Street, Akron, Ohio 44301.

3. At all times material, plaintiff was an employee within the meaning of the ADA Amendments Act of 2008 (ADAAA).

4. At all times material, defendant was an employer within the meaning of the ADAAA.

5. At all times material, plaintiff was an employee within the meaning of the Connecticut Fair Employment Practices Act (CFEPA) C.G.S. §46a-60(a) *et seq.*

6. At all times material, defendant was and employer within the meaning of the Connecticut Fair Employment Practices Act (CFEPA) C.G.S. §46a-60(a) *et seq.*

1

## JURISDICTION AND VENUE

7. The Court has jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343 and this action is brought pursuant to: The Americans with Disabilities Act Amendments Act of 2008, cited as 42 U.S.C. §12101.

8. This Court has personal jurisdiction over the Parties and venue is proper under 28 U.S.C. §1391(b) in that a substantial part of the events or omissions giving rise to the claim occurred in the State of Connecticut.

9. The Court has pendent jurisdiction over the state law claims.

## GENERAL ALLEGATIONS

10. Defendant employed plaintiff.

11. Defendant hired plaintiff on or about July 12, 2016.

12. Defendant does business as Myers Tire Supply.

13. Plaintiff worked remotely for defendant with his Manchester, Connecticut residence as his work office.

14. Plaintiff's job title was sales representative.

15. Defendant paid plaintiff a salary plus commissions.

16. Defendant has a short term disability plan for eligible employees.

17. Plaintiff has a physical disability.

18. Plaintiff suffers from chronic pancreatitis.

19. Plaintiff suffered from pancreatic pseudocyst.

20. Plaintiff has undergone biliary stents.

21. Pancreatitis can cause a biliary obstruction.

22. Pancreatitis is inflammation in the pancreas.

23. Plaintiff underwent pancreatic stenting to treat the pancreatitis.

24. The pancreas is a long, flat gland that sits tucked behind the stomach in the upper abdomen.

25. The pancreas produces enzymes that help digestion and hormones that help regulate the way your body processes sugar (glucose).

26. Pancreatitis substantially limits the function and operation of an individual organ within a body system.

27. Plaintiff was hospitalized for the chronic pancreatitis while employed by defendant.

28. Defendant was aware that plaintiff was hospitalized.

29. Defendant was aware that plaintiff may have required surgery.

30. Defendant emailed the short term disability claim form to plaintiff.

31. Plaintiff was an eligible employee for benefits under the short term disability plan.

32. Plaintiff notified defendant that he believed he had a blocked bile duct in his gallbladder and that it had damaged his pancreas.

33. Plaintiff communicated with defendant while hospitalized.

34. Plaintiff provided defendant with a probable return-to-work date.

35. On August 3, 2016, plaintiff notified defendant that he was released to return to work and he would be back to work on August 4.

36. Plaintiff's medical leave of absence was from approximately July 27, 2016 through August 3, 2016.

37. Defendant employs Jason Weintraub.

38. Weintraub is a supervisory employee.

39. Weintraub supervised plaintiff.

40. Weintraub communicated with plaintiff via email and those communicated included but were not limited to: (a) plaintiff's medical conditions; (b) plaintiff's hospitalization; (c) short term disability; and (d) plaintiff's probable return to work date.

41. Weintraub notified plaintiff via email dated August 1 that he was eligible for full pay for the first week he was absent for work but if the leave of absence was going to continue beyond one week, he would need to complete the short term disability forms.

42. On or about August 4, 2016, defendant terminated plaintiff's employment.

43. Weintraub notified plaintiff of the termination.

44. Weintraub told plaintiff that the termination was due to "excessive" absences during the first thirty (30) days of employment.

45. Plaintiff told Weintraub that you cannot fire someone for being in the hospital.

46. Weintraub replied: out of my hands, corporate in Akron.

47. At no time did defendant notify Complainant that he was being terminated because the leave of absence caused an undue hardship on the company's business operations.

48. Defendant sent a written offer of employment to Complainant dated June 15, 2016.

49. In the June 15 offer of employment, defendant represented to plaintiff that he would be eligible for one (1) week of vacation in 2016.

50. In the June 15 offer of employment, defendant represented to plaintiff that he would be eligible for the same benefits as all Myers Tire Supplies salaried employees

51. Defendant made the following representations to the Connecticut Department of Labor – Unemployment Division:

    a.   "missing too many days in the first 30 days of employment";

    b.   "absent 7/27/2016 – 8/02/2016 – no documentation given – ".

52. A finite leave of absence of about one week to receive care and treatment at a hospital for a disability is a reasonable accommodation.

53. Defendant's allegation that "no documentation given" is false.

54. The allegation is false for two reasons: (a) plaintiff was communicating with his direct supervisor during the course of his leave of absence; and (b) the documentation defendant provided to plaintiff was a short term disability form.

55. The short term disability form was emailed to plaintiff on August 1, 2016.

56. Plaintiff did not complete the short term disability form because he was ready, willing and able to return to work on August 4.

57. Plaintiff also emailed Weintraub asking him if he still needed to send in the short term disability form.

58. Plaintiff was qualified for the job.

59. Plaintiff can perform the essential functions of the job.

60. Defendant regarded plaintiff as being disabled.

61. On or about October 28, 2016, plaintiff filed a complaint against defendant with the State of Connecticut Commission on Human Rights and Opportunities (CHRO).

62. On or about October 28, 2016, plaintiff filed a complaint against defendant with the Equal Employment Opportunity Commission (EEOC).

63. On or about June 27, 2017, plaintiff received a Release of Jurisdiction from the

CHRO (copy attached hereto as Ex.1).

64. On or about September 5, 2017 plaintiff received a right to sue letter from the EEOC. (copy attached hereto as Ex.2).

## FIRST COUNT
### (Disability Discrimination in Violation of the ADAAA)

1. Plaintiff repeats the allegations in paragraphs 1 through 64 above as if fully incorporated herein.

65. Defendant's actions violate The Americans with Disabilities Act Amendments Act of 2008, which prohibits discrimination on the basis of disability.

66. Defendant, by and through its agents and/or employees, violated the Americans With Disabilities Act, in one or more of the following ways:

   (a) In that defendant interfered with plaintiff's privilege of employment on the basis of plaintiff's disability;

   (b) In that defendant discriminated against the plaintiff in such a way that it adversely affected her status as an employee;

   (c) In that defendant terminated plaintiff's employment;

   (d) In that defendant treated the plaintiff adversely different from similarly situated employees;

   (e) In that defendant discriminated against the plaintiff for requiring a reasonable accommodation; and

   (f) In that defendant intentionally discriminated against the plaintiff.

67. As a direct and proximate result of defendant's unequal treatment and discrimination, plaintiff has been deprived of his employment and equal employment opportunities because of his disability.

68. As a further direct and proximate result of defendant's discrimination of the plaintiff, plaintiff has been deprived of income, wages, and benefits.

69. As a further result of defendant's termination and discrimination of the plaintiff, plaintiff has suffered emotional pain, suffering, embarrassment, shame, inconvenience, mental anguish, loss of enjoyment of life, impairment of his personal and professional reputation, damage caused by the Plaintiff's loss of insurances and savings and investment opportunities, and other pecuniary and non-pecuniary losses.

70. Plaintiff has suffered and will continue to suffer injuries and losses as a result of defendant's wrongful and discriminatory acts.

71. Defendant exhibited ill will, malice, improper motive and/or reckless indifference to the plaintiff's civil rights by terminating his employment on the basis of his disability.

## SECOND COUNT
**(Disability Discrimination in Violation of C.G.S. §46a-60(a)(1))**

1. Plaintiff repeats the allegations in paragraphs 1 through 71 above as if fully incorporated herein.

72. Defendant, by and through its agents, servants, and/or employees, violated the Connecticut Fair Employment Practices Act C.G.S. §46a-60a *et seq.* in one or more of the following ways.

   (a) In that defendant interfered with plaintiff's privilege of employment on the basis of plaintiff's disability;

   (b) In that defendant discriminated against the plaintiff in such a way that adversely affected his status as an employee;

   (c) In that defendant treated the plaintiff adversely different from similarly situated employees;

(d)     In that defendant terminated plaintiff's employment on account of his disability;

(e)     In that defendant intentionally discriminated against the plaintiff;

(f)     In that defendant discriminated against the plaintiff for requiring a reasonable accommodation

73.     As a direct and proximate result of defendant's unequal treatment and discrimination, plaintiff has been deprived of his employment and equal employment opportunities because of his disability.

74.     As a direct and proximate result of defendant's discrimination of the plaintiff, plaintiff has been deprived of income, wages, and benefits.

75.     As a further result of defendant's termination and discrimination of the plaintiff, plaintiff has suffered emotional pain, suffering, embarrassment, shame, inconvenience, mental anguish, loss of enjoyment of life, impairment of his personal and professional reputation, damage caused by the Plaintiff's loss of insurances and savings and investment opportunities, and other pecuniary and non-pecuniary losses.

76.     Plaintiff has suffered and will continue to suffer injuries and losses as a result of defendant's wrongful and discriminatory acts.

### THIRD COUNT
### (Failure to Provide Reasonable Accommodation in Violation of the ADA Amendments Act of 2008)

1.      Plaintiff repeats and re-alleges the allegations set forth above in Paragraphs 1 through 76 as though fully set forth herein.

77.     Defendant, by and through its agents, servants, and/or employees, violated the ADA Amendments Act of 2008 in one or more of the following ways

(a)     In that defendant failed to provide the plaintiff with a reasonable accommodation;

(b)  In that defendant denied the plaintiff a reasonable accommodation;

(c)  In that defendant failed to initiate an interactive reasonable accommodation process with the plaintiff;

(d)  In that defendant failed to engage in an interactive reasonable accommodation process with the plaintiff.

78.  As a direct and proximate result of defendant's reasonable accommodation denial, plaintiff has been deprived of work and equal employment opportunities because of his disability.

79.  As a further direct and proximate result of defendant's failure to accommodate, plaintiff has been deprived of income and wages, and has been deprived of access of certain benefits to which he was entitled under defendant's employee benefits plan, and interest.

80.  As a further result of defendant's failure to accommodate, plaintiff has suffered emotional pain, suffering, embarrassment, shame, inconvenience, mental anguish, loss of enjoyment of life, impairment of his personal and professional reputation, damage caused by the Plaintiff's loss of insurances and savings and investment opportunities, and other pecuniary and non-pecuniary losses.

81.  Plaintiff has suffered and will continue to suffer injuries and losses as a result of defendant's wrongful and discriminatory acts.

82.  The defendant exhibited ill will, malice, improper motive and/or reckless indifference to the plaintiff's civil rights.

## FOURTH COUNT
### (Failure to Accommodate in Violation of C.G.S. §46a-60(a)(1))

1.  Plaintiff repeats and re-alleges the allegations set forth above in Paragraphs 1 through 82 as though fully set forth herein.

83. Defendant, by and through its agents, servants, and/or employees, violated the Connecticut Fair Employment Practices Act C.G.S. §46a-60a *et seq.* in one or more of the following ways:

    (a) In that defendant failed to provide the plaintiff with a reasonable accommodation;

    (b) In that defendant denied the plaintiff a reasonable accommodation;

    (c) In that defendant failed to initiate an interactive reasonable accommodation process with the plaintiff;

    (d) In that defendant failed to engage in an interactive reasonable accommodation process with the plaintiff.

84. As a direct and proximate result of defendant's failure to accommodate, and termination, plaintiff has been deprived of work and equal employment opportunities because of his disability.

85. As a further direct and proximate result of defendant's discrimination of the plaintiff, plaintiff has been deprived of income and wages, and has been deprived of access of certain benefits to which she was entitled under defendant's employee benefits plan, and interest.

86. As a further result of defendant's failure to accommodate, plaintiff has suffered emotional pain, suffering, embarrassment, shame, inconvenience, mental anguish, loss of enjoyment of life, impairment of his personal and professional reputation, damage caused by the Plaintiff's loss of insurances and savings and investment opportunities, and other pecuniary and non-pecuniary losses.

87. Plaintiff has suffered and will continue to suffer injuries and losses as a result of defendant's wrongful and discriminatory acts.

## FIFTH COUNT
**(Retaliation in Violation of the ADA)**

1. Plaintiff repeats and re-alleges the allegations set forth above in Paragraphs 1 through 87 as though fully set forth herein.

88. Defendant, by and through its agents, servants, and/or employees, violated the ADA in one or more of the following ways.

  a. In that defendant retaliated against the plaintiff for requesting a reasonable accommodation.

89. As a result of defendant's retaliation, plaintiff suffered damages including: loss of income, wages and employee benefits, and harm to his professional reputation.

90. As a further result of defendant's retaliation, plaintiff has suffered emotional pain, suffering, embarrassment, shame, inconvenience, mental anguish, loss of enjoyment of life, impairment of his personal and professional reputation, damage caused by the Plaintiff's loss of insurances and savings and investment opportunities, and other pecuniary and non-pecuniary losses.

91. Plaintiff has suffered and will continue to suffer injuries as a result of defendant's retaliatory acts.

92. Defendant exhibited ill will, malice, improper motive, and/or reckless indifference to the plaintiff's civil rights by retaliating against him.

## SIXTH COUNT
**(Retaliation In Violation of Connecticut Fair Employment Practices Act C.G.S. §46a-60(a)(1) et seq.)**

1. Plaintiff repeats and re-alleges the allegations set forth above as though fully set forth herein.

93.  Defendant, by and through its agents, servants, and/or employees, violated the Connecticut Fair Employment Practices Act C.G.S. §46a-609(a)(1) *et seq.* in one or more of the following ways.

a.  In that defendant retaliated against the plaintiff for requesting a reasonable accommodation.

94.  As a result of defendant's violation of Connecticut Fair Employment Practices Act C.G.S. §46a-60(a)(4), plaintiff suffered damages including: loss of employment, loss of income and wages and benefits, and harm to his professional reputation.

95.  As a further result of defendant's retaliatory conduct, plaintiff has suffered emotional pain, suffering, embarrassment, shame, inconvenience, mental anguish, loss of enjoyment of life, impairment of her personal and professional reputation, damage caused by the Plaintiff's loss of insurances and savings and investment opportunities, and other pecuniary and non-pecuniary losses.

96.  Plaintiff has suffered and will continue to suffer injuries as a result of defendant's wrongful and retaliatory acts.

## SEVENTH COUNT
### (Regarded as Disabled Discrimination in Violation of the ADAAA)

1.  Plaintiff repeats the allegations in paragraphs 1 through 96 above as if fully incorporated herein.

97.  Defendant's actions violate The Americans with Disabilities Act Amendments Act of 2008, which prohibits discrimination on the basis of disability.

98.  Defendant, by and through its agents and/or employees, violated the Americans With Disabilities Act, in one or more of the following ways:

(a)  In that defendant interfered with plaintiff's privilege of employment on the basis

of regrading plaintiff as being disabled;

(b) In that defendant discriminated against the plaintiff in such a way that it adversely affected his status as an employee;

(c) In that defendant terminated plaintiff's employment;

(d) In that defendant treated the plaintiff adversely different from similarly situated employees;

(e) In that defendant intentionally discriminated against the plaintiff.

99. As a direct and proximate result of defendant's unequal treatment and discrimination, plaintiff has been deprived of his employment and equal employment opportunities because of being regarded as disabled.

100. As a further direct and proximate result of defendant's discrimination of the plaintiff, plaintiff has been deprived of income, wages, and benefits.

101. As a further result of defendant's termination and discrimination of the plaintiff, plaintiff has suffered emotional pain, suffering, embarrassment, shame, inconvenience, mental anguish, loss of enjoyment of life, impairment of his personal and professional reputation, damage caused by the Plaintiff's loss of insurances and savings and investment opportunities, and other pecuniary and non-pecuniary losses.

102. Plaintiff has suffered and will continue to suffer injuries and losses as a result of defendant's wrongful and discriminatory acts.

103. Defendant exhibited ill will, malice, improper motive and/or reckless indifference to the plaintiff's civil rights by terminating his employment on the basis of regarding him as being disabled.

## EIGHTH COUNT
### (Perceived as Disabled Discrimination in Violation of C.G.S. §46a-60(a)(1))

1. Plaintiff repeats the allegations in paragraphs 1 through 103 above as if fully incorporated herein.

104. Defendant, by and through its agents, servants, and/or employees, violated the Connecticut Fair Employment Practices Act C.G.S. §46a-60a *et seq.* in one or more of the following ways.

(a) In that defendant interfered with plaintiff's privilege of employment on the basis of perceiving plaintiff as being disabled;

(b) In that defendant discriminated against the plaintiff in such a way that adversely affected his status as an employee;

(c) In that defendant treated the plaintiff adversely different from similarly situated employees;

(d) In that defendant terminated plaintiff's employment on account of perceiving him as being disabled;

(e) In that defendant intentionally discriminated against the plaintiff;

105. As a direct and proximate result of defendant's unequal treatment and discrimination, plaintiff has been deprived of his employment and equal employment opportunities because of his disability.

106. As a direct and proximate result of defendant's discrimination of the plaintiff, plaintiff has been deprived of income, wages, and benefits.

107. As a further result of defendant's termination and discrimination of the plaintiff, plaintiff has suffered emotional pain, suffering, embarrassment, shame, inconvenience, mental anguish, loss of enjoyment of life, impairment of his personal and professional reputation,

damage caused by the Plaintiff's loss of insurances and savings and investment opportunities, and other pecuniary and non-pecuniary losses.

      108.    Plaintiff has suffered and will continue to suffer injuries and losses as a result of defendant's wrongful and discriminatory acts.

## DEMAND FOR RELIEF

WHEREFORE, plaintiff prays for appropriate damages including: compensatory damages; damages for back pay, front pay, bonuses, personal days, lost pension/employee/retirement benefits, consequential damages, emotional distress; punitive damages; reasonable attorneys' fees; costs; interest; job reinstatement; prejudgment interest; for an injunction requiring the removal of any and all adverse information contained in plaintiff's personnel file; for a trial by jury; and for all other just and proper relief.

Dated:   September 6, 2017

_____
James V. Sabatini, Esq. ct19899
SABATINI AND ASSOCIATES, LLC
1 Market Square
Newington, CT 06111
Tel. No.: (860) 667-0839
Fax No.: (860) 667-0867
Email: jsabatini@sabatinilaw.com

ATTORNEY FOR PLAINTIFF

# EXHIBIT 1

# STATE OF CONNECTICUT
# COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

<u>Jesse Longway</u>
**COMPLAINANT**

vs.

CHRO No. 1740183
EEOC No. 16A201700251

<u>Myers Industries, Inc., d/b/a
  Myers Tire Supply</u>
**RESPONDENT**

## **<u>RELEASE OF JURISDICTION</u>**

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint. The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred, in which the Respondent transacts business or in which the Complainant resides. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action brought pursuant to this release must be served on the Commission at ROJ@ct.gov or at 450 Columbus Blvd., Suite 2, Hartford, CT 06103 at the same time all other parties are served. Electronic service is preferred. **THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.**

<u>The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.</u>

*Tanya A. Hughes*

**DATE: <u>June 27, 2017</u>**

Tanya A. Hughes, Executive Director

cc: Complainant: Jesse Longway: jlong77111@gmail.com
    Complainant's Attorney: James V. Sabatini: jsabatini@sabatinilaw.com
    Respondent: n/a
    Respondent's Attorney: Rina R. Russo: rrusso@beneschlaw.com
    Case File

# EXHIBIT 2

EEOC Form 161 (11/16)  **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Jesse Longway<br>135 Bissell Street, Unit 1-W<br>Manchester, CT 06040 | From: | Boston Area Office<br>John F. Kennedy Fed Bldg<br>Government Ctr, Room 475<br>Boston, MA 02203 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16A-2017-00251 | Amon L. Kinsey, Jr., Intake Supervisor | (617) 565-3189 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[X] Other (briefly state)     Charging Party is pursuing claims in another forum

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*Kenneth An*     9-5-2017

Feng K. An,     (Date Mailed)
Area Office Director

Enclosures(s)

cc:
MYERS INDUSTRIES, INC.          James V. Sabatini, Esq.
1293 South Main Street           SABATINI & ASSOC., LLC
Akron, OH 44309                  One Market Square
                                 Newington, CT 06111