19-1770
Longway v. Myers Indus., Inc.



MANDATE

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of May, two thousand twenty.

PRESENT: PIERRE N. LEVAL,
RAYMOND J. LOHIER, JR.,
MICHAEL H. PARK,
*Circuit Judges*.

------------------------------------------------------------

JESSE LONGWAY,

*Plaintiff-Appellant*,

v.                                                  No. 19-1770

MYERS INDUSTRIES, INC.,

*Defendant-Appellee*.

------------------------------------------------------------

| | | |
|---|---|---|
| FOR PLAINTIFF-APPELLANT: | | James V. Sabatini, Sabatini and Associates, LLC, Newington, CT. |
| FOR DEFENDANT-APPELLEE: | | Adam E. Primm, Peter Kirsanow, Benesch, Friedlander, Coplan & Aronoff LLP, Cleveland, OH. |

Appeal from a judgment of the United States District Court for the District of Connecticut (Stefan R. Underhill, *Chief Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Jesse Longway appeals from a judgment of the District Court (Underhill, C.J.) granting summary judgment in favor of Myers Industries, Inc. and dismissing his claims of disability discrimination, failure to accommodate, and retaliation under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq., and the Connecticut Fair Employment Practices Act (CFEPA), C.G.S. §§ 46(a)–60(a) et seq., as well as "regarded as" disability discrimination under the ADA and perceived disability discrimination pursuant to the CFEPA. We

assume the parties' familiarity with the underlying facts and prior record of proceedings, to which we refer only as necessary to explain our decision to affirm.

On appeal, Longway argues that the District Court erred in granting summary judgment because Myers Industries was aware of his disability but failed to provide reasonable accommodations, and because there was evidence of a causal connection between his actual or perceived disability and termination. To make out a prima facie case of discrimination under the ADA and the CFEPA, a plaintiff must show that his employer had notice of his disability. See Graves v. Finch Pruyn & Co., 457 F.3d 181, 184 (2d Cir. 2006); Curry v. Allan S. Goodman, Inc., 286 Conn. 390, 415 (2008); see also Sista v. CDC Ixis N. Am., Inc., 445 F.3d 161, 169 (2d Cir. 2006); Jackson v. Water Pollution Control Auth. of Bridgeport, 278 Conn. 692, 705–06 (2006).

Assuming without deciding that Longway's pancreatitis is a disability under federal and Connecticut law, we agree with the District Court that, based on Longway's own account of his conversations with his employer, no reasonable jury could find that Myers Industries had any reason to know that he

3

had pancreatitis or another medical condition that substantially limited a major life activity, as required for a disability under the ADA, 42 U.S.C. § 12102(1)(A), or was "chronic," as required for a disability under the CFEPA, Conn. Gen. Stat. § 46a-51(15).  Indeed, Longway conceded that he did not inform his supervisor or anyone else at Myers Industries that he had pancreatitis.  And to the extent that Longway communicated to his employer that he received medical treatment, the record does not show that he ever characterized his condition as anything other than a one-time injury of the sort that would not qualify as a disability under either statute.  To the contrary, Longway informed his supervisor that he was being released from the hospital with "[n]o restrictions physically" and could return to work the following day, App'x 459, and Longway never completed the short-term disability form that his supervisor sent him.  For these reasons, the District Court correctly concluded that his claims of discrimination, failure to accommodate, and either "regarded as" disability discrimination under the ADA or perceived disability discrimination under the CFEPA failed as a matter of law.

      We turn next to Longway's retaliation claims.  To make out a claim of retaliation under the ADA and CFEPA, a plaintiff must demonstrate that he

4

1   "suffered an adverse employment action after—and causally connected to—his
2   engagement in protected activity." Fox v. Costco Wholesale Corp., 918 F.3d 65,
3   72 (2d Cir. 2019); see Ayantola v. Bd. of Trs. of Tech. Colls., 116 Conn. App. 531,
4   536 (2009).  We agree with the District Court that, as with the other dismissed
5   claims, Longway's retaliation claims fail because Longway's own account shows
6   that he never informed Myers Industries that he was disabled and therefore that
7   he never requested an accommodation within the meaning of the disability laws.
8   And in any event, Longway also failed to rebut Myers Industries's legitimate,
9   non-discriminatory explanation that it terminated Longway because he missed
10  too many days of work.
11      We have considered Longway's remaining arguments and conclude that
12  they are without merit.  For the foregoing reasons, the judgment of the District
13  Court is AFFIRMED.

14                                      FOR THE COURT:
15                                      Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit